24010

HILTON HEAD PLANTATION UTILITIES, INC., Appellant v. The PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA, Respondent.

(441 S.E. (2d) 321)

Supreme Court

*Mitchell Willoughby, John M.S. Hoefer,* and *B. Craig Collins,* all of *Willoughby & Hoefer,* Columbia, *for appellant.*

*F. David Butler,* of *South Carolina Public Service Com'n,* Columbia, *for respondent.*

Heard Dec. 8, 1993.

Decided Feb. 7, 1994.

LITTLEJOHN, Acting Associate Justice:

Hilton Head Plantation Utilities, Inc. (the Utility) contends that the Public Service Commission of South Carolina's (Commission) denial of its request for a rate increase was clearly erroneous in view of the substantial evidence on the whole record. We disagree.

The Utility filed an application with the Commission seeking approval of an increased schedule of rates and charges for water and sewer services. The Commission's staff conducted an audit of the Utility's books and records physically inspected its operations and facilities. A public hearing on the application was held before the Commission.

The Utility presented one witness who testified about its financial condition, its request for rate relief and explained the Utility's financial exhibits. Another witness testified about its operations.

The Commission presented testimony of its staff accountant, D. Joe Maready (Maready). Maready testified about the results of the audit he performed of the Utility's books and records and explained the accounting portions of the Commission's staff report. He did not challenge the reasonableness of any expenses for the test year.

Thereafter Richard C. Pilsbury (Pilsbury), President of the Property Owner's Association of Hilton Head Plantation, a protestant representing many consumer rate payers, called the Commission's attention to the fact that a substantial portion of the Utility's budget was paid to its corporate parent. He submitted that the expenses were questionable and in effect invited the Commission to take into account the fact that certain transactions might not have been conducted at arm's length.

The Commission, in its Order, said:

> The Commission believes that Pilsbury's statement raises questions about seemingly less-than-arms-length transactions taking place between Hilton Head Plantation Utilities, Inc. and Hilton Head Plantation Limited Partnership. The Commission also believes that these ex-

penses bring into question the entire amount of O & M expenses required by the Company as legitimate operation and maintenance expenses, which are passed on to their ratepayers, and the rates proposed by the Company to collect these monies. The Commission holds that the record before it fails to provide the answers to these questions.

In denying the request, the Commission further stated as follows:

Because of the above reasoning, the Commission believes that the proposed rates as submitted are unjust and unreasonable.

The Order of the Commission was appealed to the circuit court. That court refused to substitute its judgment for that of the Commission holding that there was substantial evidence warranting the Commission's refusal. It is from this Order of the circuit court that this appeal arises.

## DISCUSSION

The Utility argues that the Commission's Order did not set forth findings of fact and conclusions of law as required by South Carolina Code Ann. § 1-23-350 (1986). We disagree. We conclude, as did the circuit court, that the Utility's argument is without merit. The Commission's Order was sufficiently detailed to enable the circuit court and this Court to determine if the ruling was supported by the evidence and whether the law has been properly applied.

It is next contended that the evidence before the Commission was insufficient to support its decision to refuse the Utility's application for the rate increase sought. We disagree.

It is apparent that the Commission and the circuit court took a dim view of the fact that so much of the Utility's budget was paid to corporations and/or persons affiliated with the Utility itself. The burden of proof of the reasonableness of expenses incurred which entered into a rate increase request rests with the Utility. The expenses are presumed to be reasonable when incurred in good faith. *Hamm v. S.C. Public Service Commission*, — S.C. —, 422 S.E. (2d) 110 (1992). However, when payments are made to an

affiliate, a mere showing of actual payment does not establish a *prima facie* case of reasonableness. *Boise Water Corp. v. Idaho Public Util. Comm'n*, 97 Idaho 832, 555 P. (2d) 163 (1976), citing, *Pacific Northwest Bell Tel. Co. V. Sabin*, 21 Or. App. 200, 534 P. (2d) 984 (1976); *State ex rel. Utilities Comm'n v. General Tel.*, 281 N.C. 318, 189 S.E. (2d) 705 (1972); *Re Forest Hills Util. Co.*, 91 P.U.R. (3d) 285 (Ohio 1971); *Re Oregon Water Corp.*, 83 P.U.R. (3d) 288, 293-95 (Or. 1970); *Re Utah Tel. Co.*, 81 P.U.R. (3d) 156 (Utah 1969).

Charges arising out of intercompany relationships between affiliated companies should be scrutinized with care, and if there is an absence of data and information from which the reasonableness and propriety of the services rendered and the reasonable cost of rendering such services can be ascertained by the Commission, allowance is properly refused.

The gravamen of the Utility's argument is that this Court should substitute its judgment for that of the Commission. The Utility argues that all amounts paid were reasonable simply because they were paid. In order to reach a conclusion, the Commission had the duty to believe or disbelieve evidence submitted. The Commission sits like a jury of experts. We find no logical reason to reject its determination.

In its Order the Commission effectually invited the Utility to file a new application ". . . to include justification for the $90,256 easement payment, the $144,000 payment for spraying fields, the management fees, accounting fees, and attorney fees presented. The Commission also orders the company to show that the transaction between it and the parent company, as stated above, were arms-length transactions." The Utility would, in lieu of filing a new application, have this Court approve its request for a 15 percent rate increase. This we refuse to do.

Conceivably the Utility may be entitled to that increase or some other increase. We hold that neither the circuit court nor the Commission erred in refusing the rate increase sought. The matter might be logically pursued within this action upon remand or by way of a new application as suggested by the Commission.

Under the showing made, we think it more logical to remand the case to the Commission so that the Utility will have an ample opportunity to explain its expenditures and justify

them. The Commission may receive any other evidence as it be advised. Commission shall, upon remand, set forth an allowable operating margin as required by S.C. Code Ann. § 58-5-240(H) (Supp. 1993).

Affirmed and remanded.

CHANDLER, A.C.J., FINNEY and MOORE, JJ., and JOSEPH A. WILSON, Acting Associate Justice, concur.