525 S.E.2d 863

**KIAWAH PROPERTY OWNERS GROUP, Appellant,**

v.

**The PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA and Kiawah Island Utility, Inc.,**
**Respondents.**

**No. 24997.**

Supreme Court of South Carolina.

Heard June 22, 1999.

Decided Sept. 7, 1999.

Stephen P. Groves, Sr., Michael A. Molony and Stephen L. Brown, all of Young, Clement, Rivers & Tisdale, LLP, of Columbia, for appellant.

G. Trenholm Walker, of Pratt–Thomas, Pearce, Epting & Walker, P.A., of Charleston; and Lucas C. Padgett, Jr., of McNair Law Firm, P.A., of Charleston, both for respondent Kiawah Island Utility, Inc.

F. David Butler, of Public Service Commission, of Columbia, for respondent The Public Service Commission of South Carolina.

TOAL, Justice:

This case is an appeal from the circuit court's order upholding the decisions of the Public Service Commission ("PSC"). We reverse and remand.

### FACTUAL/PROCEDURAL BACKGROUND

Kiawah Island Utility, Inc. ("the Utility") provides water and sewer service to the residents of Kiawah Island. The Utility is wholly owned by Kiawah Resort Associates ("the Developer"). In July of 1996, the Utility applied to the Public Service Commission for an increase in its existing rates and charges for water and sewer service. The appellant, Kiawah Property Owners Group ("KPOG"), as well as the consumer advocate and the Town of Kiawah Island, intervened in opposition to the increase and participated in the Commission's proceedings.

Prior to the 1996 adjudication, the rates and charges of the Utility had been approved by the PSC in 1992. The Utility sought to increase its operating margin by 5.43%. After the hearings, the PSC issued an order granting the Utility an increase of only 3.55%. After the PSC's first order in January of 1997, KPOG and the consumer advocate filed a Petition for Rehearing and/or Reconsideration. In February 1997, the PSC issued its second order addressing the Petition for Rehearing and/or Reconsideration and upheld all of its earlier determinations.

Following the second order, KPOG appealed the PSC orders to the circuit court. In March 1998, the circuit court issued its opinion upholding the PSC. KPOG then appealed to this Court raising the following issue:

Did the circuit apply the appropriate level of review to transactions between the Utility and the Developer as these two entities are affiliated companies with the same management and therefore do not transact business at arms length?

### LAW/ANALYSIS

#### A. STANDARD OF REVIEW

■ KPOG argues that the circuit court applied the wrong level of review to the PSC's analysis of the transactions between the Developer and the Utility. We disagree.

■ KPOG argues a heightened standard is required where the Developer controls the Utility, the so-called intercompany

transactions.[1] This Court addressed intercompany dealings in *Hilton Head Plantation Utilities, Inc. v. Public Serv. Comm'n of South Carolina*, 312 S.C. 448, 451, 441 S.E.2d 321, 323 (1994), and stated:

> Charges arising out of intercompany relationships between affiliated companies should be scrutinized with care, and if there is an absence of data and information from which the reasonableness and propriety of the services rendered and the reasonable cost of rendering such services can be ascertained by the Commission, allowance is properly refused.

This language from *Hilton Head* does not create a "stricter" level of review as argued by KPOG. Normally, the expenses of an Utility are presumed to be reasonable when incurred in good faith. *See Hamm v. S.C. Public Serv. Comm'n*, 309 S.C. 282, 422 S.E.2d 110 (1992). However, when payments are made to an affiliate, a mere showing of actual payment does not establish a prima facie case of reasonableness. *Hilton Head Plantation Utilities, Inc.*, 312 S.C. at 451, 441 S.E.2d at 323. This language from *Hilton Head* merely requires the PSC to review and analyze these intercompany dealings and determine if they are reasonable.

*Hilton Head* does not require intercompany deals to meet a level of review stricter than the other analysis done by the PSC. We disagree with KPOG's argument that the PSC ignored the intercompany relationship. The PSC did not ignore the intercompany relationship, it found that the dealings were reasonable.

## B. Sufficiency of the PSC Orders

 Even though the PSC reviewed the reasonableness of the intercompany transactions, the PSC orders addressing these transactions are so inadequate in substance that they cannot be upheld by this Court. "An administrative body

---

1. KPOG alleges that due to the Developer's control over the Utility, the Developer entered into deals with the Utility that would result in greater profit to the Developer and higher rates for the Utility's customers. KPOG's position is that no independent utilities would have entered into such deals with a developer because those deals were bad for the Utility and the ratepayers. This relationship between the Utility and the Developer forms the basis for each of KPOG's individual issues on appeal.

must make findings which are sufficiently detailed to enable this Court to determine whether the findings are supported by the evidence and whether the law has been applied properly to those findings." *Porter v. S.C. Public Serv. Comm'n,* 333 S.C. 12, 507 S.E.2d 328 (1998). This Court will not accept an administrative agency's decision at face value without requiring the agency to explain its reasoning. *Id.* As with all agency orders, when the PSC issues their determination about the reasonableness of intercompany dealings, their findings of fact must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence in the record and whether the law has been properly applied. *See Able Communications, Inc. v. S.C. Public Serv. Comm'n,* 290 S.C. 409, 411, 351 S.E.2d 151, 152 (1986). Where material facts are in dispute, the administrative body must make specific, express findings of fact. *Id.* In the current case, the PSC failed to meet the required standard.

▬▬ Even though the PSC complied with the mandate of *Hilton Head* by actually addressing the intercompany dealings and their reasonableness, the orders of the PSC fail to address the basis for their determinations. "[A] recital of conflicting testimony followed by a general conclusion is patently insufficient to enable a reviewing court to address the issues." *See Able Communications, Inc.,* 290 S.C. at 411, 351 S.E.2d at 152. These orders by the PSC do not even go as far as the PSC orders found unacceptable in *Able.* On many issues before this Court the PSC does not even recite the testimony in the record of the opposing parties, but merely recites each party's general position on the issue and then announces the one it chooses to follow. As a result, it is impossible for this Court to review the basis of the orders "since the reasons underlying the decision are left to speculation." *Id.*

As an example, one of the intercompany transactions challenged by KPOG involved the cost of transmission and transfer lines, related facilities, and fire hydrant expenses to the Utility. When addressing this issue in its first order, the PSC stated:

We have examined this matter, and believe that the Staff and Company position and adjustment are appropriate, and therefore, adopt same. We were not persuaded by the testimony of KPOG on this issue.

The second order adds nothing more to this conclusory statement. Unlike the PSC, the circuit court order goes through the record in an attempt to support with evidence the conclusions reached by the PSC. On this topic, the circuit court found the testimony by KPOG's witness was unreliable because he had no engineering or utility operation experience. The circuit court pointed out that the items are necessary for the operation of the Utility and are currently in use. The circuit court's order further discusses the expert testimony supporting the reasonableness of the market price of the items sold to the Utility by the Developer. Such a discussion could be an appropriate PSC order.

However, it is not the circuit court's responsibility to create an acceptable order when the PSC fails to do so. The circuit court sits as a reviewing court that must determine if the PSC's decision is supported by substantial evidence in the record. *See* S.C.Code Ann. § 1–23–380 (Supp.1998). While the circuit court made a respectable attempt at salvaging the PSC orders, due to the total lack of explanation and citation in the PSC orders, the circuit court's determinations are speculation at best. The circuit court should have remanded the orders so that the PSC could have fulfilled its responsibilities to the parties.

## CONCLUSION

Based on the foregoing, we **REVERSE** and **REMAND.**

FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.