THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Case No.: 2007-ALJ-17-0299
 Alltel Communications, Inc., Respondent,
 v.
 South Carolina Department of Revenue, Appellant.
 
 Case No.:
 2007-ALJ-17-0300
 Alltel Mobile Communications of the Carolinas, Inc., Respondent,
 v.
 South Carolina Department of Revenue, Appellant.
 
 Case No.: 2007-ALJ-17-0301
 New York Newco Subsidiary, Inc., Respondent,
 v.
 South Carolina Department of Revenue, Appellant.
 
 Case No.: 2007-ALJ-17-0302
 Telespectrum, Inc., Respondent,
 v.
 South Carolina Department of Revenue, Appellant.
 
 Case No.: 2007-ALJ-17-0303
 360 Communications Co. of SC No. 1, Respondent,
 v.
 South Carolina
 Department of Revenue, Appellant.
 
 Case No.: 2007-ALJ-17-0304
 360 Communications Co. of SC No. 2, Respondent,
 v.
 South Carolina Department of Revenue, Appellant.
 
 
 

Appeal From Richland County
 Marvin F. Kittrell, Administrative Law
Court Judge

Unpublished Opinion No. 2010-UP-232
 Heard February 9, 2010  Filed April 7,
2010

REVERSED AND REMANDED

 
 
 
 Harry A. Hancock, of Columbia, for Appellant.
 John M.S. Hoefer and Tracey C. Green, of Columbia, for Respondents. 
 
 
 

PER CURIAM:  In this
 appeal of an order granting summary judgment to Respondents, the South Carolina
 Department of Revenue (Department) challenges the Administrative Law Court's
 (ALC's) determination that Respondents were not telephone companies and thus
 did not owe any license fees pursuant to section 12-20-100 of the South
 Carolina Code (2000).  The Department also contends that the ALC failed to give
 proper consideration to other issues raised by the parties in their summary
 judgment motions.  We reverse and remand.
FACTUAL/PROCEDURAL BACKGROUND
Respondents are Alltel
 Communications, Inc., Alltel Mobile Communications of the Carolinas, Inc., New
 York Newco Subsidiary, Inc., Telespectrum, Inc., 360 Communications Co. of SC
 No. 1, and 360 Communications Co. of SC No. 2.[1] 
 During the tax years ending December 31, 1999 through December 31, 2003 (Tax
 Years), Respondents were either directly engaged, or owned interests in
 partnerships that were engaged, in the business of providing wireless voice and
 data communications service via radio within South Carolina.  
In 2004, the Department
 initiated an audit of Respondents.  At the conclusion of the audit, the
 Department notified Respondents that it had determined that a deficiency
 existed in the license fees paid by Respondents for the Tax Years.  The
 Department proposed to assess Respondents $4,709,671 in additional license
 fees, interest, and penalties.  
The basis for the proposed
 assessment was the Department's determination that Respondents had erroneously
 used section 12-20-50 of the South Carolina Code (2000) to calculate their
 license fees.  The Department concluded that each Respondent was a
 "telephone company" and thus was required to pay license fees in
 accordance with section 12-20-100, rather than section 12-20-50.  
Respondents each timely filed
 with the Department a protest of the proposed assessment.  The Department issued
 a final agency determination denying the protests on May 30, 2007.  Thereafter,
 each Respondent timely filed a request for a contested case hearing with the
 ALC.  
The ALC consolidated the six
 cases.  After filing joint stipulations of facts, the parties filed
 cross-motions for summary judgment.  In their summary judgment motion,
 Respondents contended that section 12-20-100 did not apply to them because they
 were not telephone companies.  Alternatively, Respondents argued that, if they
 were telephone companies, the Department did not properly calculate the license
 fee owed by Respondents under section 12-20-100.  Specifically, Respondents
 claimed that the Department erred by determining that they derived gross
 receipts from "services rendered from regulated business" as
 contemplated by section 12-20-100(A)(2)(a).  Additionally, Respondents
 contended that section 12-20-100 did not apply to partnerships and that the
 Department therefore erred by including in its assessment the assets and gross
 receipts attributable to Respondents' partnership interests.  Furthermore,
 Respondents claimed that the Department should not have imposed a
 "substantial understatement" penalty under section 12-54-155 of the
 South Carolina Code (2000) because Respondents' position with respect to their
 liability under section 12-20-100 was supported by substantial authority. 
 Lastly, Respondents argued that the Department made certain calculation errors
 with respect to the amounts owed by Alltel Mobile Communications of the
 Carolinas, Inc. and New York Newco Subsidiary, Inc.  
On April 22, 2008, the ALC
 granted Respondents' motion for summary judgment and denied the Department's
 motion.  The ALC determined that Respondents were not telephone companies for
 the purposes of section 12-20-100 and thus were not required to pay license
 fees under that statute.  This appeal followed.
ISSUES ON APPEAL

 
 1.  
 Did the
 ALC err by granting summary judgment to Respondents?
 
 
 
 2. 
 Did the ALC fail to give proper
 consideration to other issues raised by the parties in their summary judgment
 motions?
 

STANDARD OF REVIEW
When reviewing
 the grant of summary judgment, an appellate court applies the same standard that
 governed the trial court.  Wogan v. Kunze, 379 S.C. 581, 585, 666 S.E.2d
 901, 903 (2008).  As in civil matters, summary judgment is appropriate in an
 administrative matter when there is no genuine issue of material fact and the
 moving party is entitled to a judgment as a matter of law.  See Rule
 56(c), SCRCP (setting forth the standard for granting summary judgment in civil
 matters); South Carolina Administrative Practice and Procedure 175
 (Randolph R. Lowell ed., 2d ed. 2008) (stating that the standard for granting
 summary judgment in an administrative matter is the same as in a civil matter). 
Because summary
 judgment is a drastic remedy, it should be cautiously invoked to ensure that a
 litigant is not improperly deprived of a trial on disputed factual issues.  Mulherin-Howell
 v. Cobb, 362 S.C. 588, 597, 608 S.E.2d 587, 592 (Ct. App. 2005).  Where further inquiry into the facts of
 the case is desirable to clarify the application of the law, summary judgment
 is not appropriate.  Brockbank v. Best Capital Corp., 341 S.C. 372, 378,
 534 S.E.2d 688, 692 (2000).  Moreover, "[s]ummary judgment should not be
 granted even when there is no dispute as to evidentiary facts if there is
 dispute as to the conclusion to be drawn from those facts."  Id.  
LAW/ANALYSIS
I. Section 12-20-100
The Department
 argues that the ALC erred by granting summary judgment to Respondents on the
 ground that Respondents did not constitute telephone companies for the purposes
 of section 12-20-100.  Because we conclude that further inquiry into the facts
 is necessary to resolve this issue, we agree.
Section
 12-20-100(A) provides in pertinent part:

 In the
 place of the license fee imposed by Section 12-20-50, every express company,
 street railway company, navigation company, waterworks company, power company,
 electric cooperative, light company, gas company, telegraph company, and telephone
 company shall file an annual report with the department and pay a license
 fee as follows: 
 
 (1) one
 dollar for each thousand dollars, or fraction of a thousand dollars, of fair
 market value of property owned and used within this State in the conduct of
 business as determined by the department for property tax purposes for the
 preceding taxable year; and 
 (2)(a) three dollars for each thousand dollars, or fraction of a thousand dollars,
 of gross receipts derived from services rendered from regulated business within
 this State during the preceding taxable year, except that with regard to
 electric cooperatives, only distribution electric cooperatives are subject to
 the gross receipts portion of the license fee under this subitem (2)(a). 
 

S.C. Code Ann. § 12-20-100(A)
 (2000) (emphasis added).[2]  
The term "telephone
 company" is not defined in section 12-20-100 or in the definitional
 section of chapter 20 of title 12.[3] 
 "Where a word is not defined in a statute, our appellate courts have
 looked to the usual dictionary meaning to supply its meaning."  Berkeley
 County Sch. Dist. v. S.C. Dep't of Revenue, 383 S.C. 334, 345, 679 S.E.2d 913,
 919 (2009) (quoting Lee v. Thermal Eng'g Corp., 352 S.C. 81, 91-92, 572
 S.E.2d 298, 303 (Ct. App. 2002)).  In addition to utilizing dictionaries, our courts
 have reviewed other state statutes, as well as state appellate decisions, to
 ascertain the meaning of an undefined statutory term.  See Sonoco
 Products Co. v. S.C. Dep't of Revenue, 378 S.C. 385, 662 S.E.2d 599 (2008)
 (where the term "contiguous" was not defined in the applicable statute,
 the court reviewed dictionaries, state statutes, and state appellate decisions that
 dealt with the concept of contiguity in order to glean the appropriate
 definition).  
Here, the ALC concluded that
 "based on the plain language of the statute," none of the Respondents
 constituted a telephone company for the purposes of section 12-20-100 because
 "the services they provide relate to the provision of wireless
 communications via radio, not communications via telephone."  The ALC's
 decision does not cite a dictionary definition of either "telephone"
 or "telephone company," nor does it cite a South Carolina appellate court
 decision construing those terms.  Rather, it appears that, in reaching its
 result, the ALC relied primarily upon the parties' stipulation that
 "[t]elephones and telephone companies transmit intelligence over a vast
 network of wires located in public rights of way and in easements over
 private property."  (emphasis added).[4]
At first blush, the parties'
 stipulation seems to provide significant support for the ALC's conclusion. 
 However, upon further reflection, we conclude that the stipulation is not dispositive
 of this case.  The question
 of what the legislature intended for the term "telephone company" to
 mean for the purposes of section 12-20-100 is a question of law.  See Charleston
 County Parks & Recreation Comm'n v. Somers, 319 S.C. 65, 67, 459 S.E.2d
 841, 843 (1995) ("The determination of legislative intent is a matter of
 law."); Bryant v. State, 384 S.C. 525, 529, 683 S.E.2d 280, 282
 (2009) ("As this case involves statutory interpretation, we are presented
 with a question of law."); Catawba Indian Tribe of S.C. v. State,
 372 S.C. 519, 524, 642 S.E.2d 751, 753 (2007) ("The issue of
 interpretation of a statute is a question of law for the court.").  Importantly, courts are generally not bound by
 stipulations regarding questions of law.  See Greenville
 County Fair Ass'n v. Christenberry, 198 S.C. 338, 345, 17 S.E.2d 857, 859
 (1941) (holding that a "stipulation as to the law" is generally not
 binding upon the courts); McDuffie v. McDuffie, 308 S.C. 401, 409-10,
 418 S.E.2d 331, 336 (Ct. App. 1992) (holding that stipulations involving
 questions of law are not binding on the court); 83 C.J.S. Stipulations §
 30 (2000) (stating that courts are not bound by stipulations regarding
 questions of law, such as the intent of a lawmaking body or the construction of
 a statute).  
Moreover, we note
 that stipulations must be "construed like a contract, to effect the intent
 of the parties."  Webster v. Holly Hill Lumber Co., 268 S.C. 416,
 421, 234 S.E.2d 232, 234 (1977).  Here, we do not believe that it was the
 Department's intent to, in essence, forfeit its entire case by stipulation.  Regardless,
 we conclude that the parties were not competent to stipulate as to the intent
 of the legislature regarding its use of the term "telephone company"
 in Section 12-20-100.      
Because we find
 that the parties' stipulation as to the meaning of the term "telephone
 company" was not dispositive of this case, we must look to the remaining
 portions of the record to determine whether Respondents fell within the terms
 of section 12-20-100.  Based upon our careful review of the record, we conclude
 that additional development of the facts is necessary to clarify the
 application of section 12-20-100 as to Respondents.  See Brockbank,
 341 S.C. at 378, 534 S.E.2d at 692 (holding that summary judgment is not
 appropriate when additional development of the facts is desirable to clarify
 the application of the law).  For instance, further inquiry into the nature of
 the services provided by Respondents is essential.  Although the parties have made
 some stipulations regarding Respondents' services, we do not believe that those
 stipulations are sufficient to determine whether Respondents constitute
 telephone companies for the purposes of section 12-20-100.   
We find support
 for our conclusion in Shea v. State Dep't of Mental Retardation.[5]  In that case, we held that the trial
 court erred by granting summary judgment on the issue of whether the Department
 of Mental Retardation's Midlands Center constituted a "hospital or other
 facility" within the meaning of section 44-7-50 of the South Carolina Code
 (1976).  We concluded that further inquiry into the facts was warranted, specifically
 noting that the record was "not clear" as to the nature of the
 Midlands Center.  Shea, 279 S.C. at 611, 310 S.E.2d at 823.  In reaching
 our decision, we stated:

 The question of the construction of this statute as applied to a
 mental retardation facility is an important question of novel impression.  If
 the statute's application is not absolutely clear as a matter of law, this
 question should not be decided without fully developing the facts by means of
 trial.

Id. at 611, 310 S.E.2d at 822.  
Here, the construction of section 12-20-100 as
 applied to wireless communications service providers is an important question
 of novel impression.  No appellate court in this State has construed the term
 "telephone company" for the purposes of section 12-20-100.  Moreover,
 the application of section 12-20-100 is not "absolutely clear."  As
 noted above, the term "telephone company" is not defined in section
 12-20-100 or in the applicable
 definitional section.  Additionally,
 an examination of other South Carolina statutes and regulations reveals that while
 wireless communications service providers are treated differently from landline
 telephone companies for regulatory purposes,[6] their services are treated the same with respect to the sales and use tax.[7]  Furthermore, courts from other jurisdictions
 that have addressed issues similar to the one presented here have not reached
 consistent results.  Compare Bell Atl. Mobile of Mass. Corp., Ltd. v.
 Comm'r of Revenue, 884 N.E.2d 978 (Mass. 2008) (holding that a cell phone
 service provider was not a "telephone company" for the purposes of a
 statute providing for the central valuation of the "machinery, poles,
 wires and underground conduits, wires and pipes of all telephone and telegraph
 companies"), and In re Appeal of Topeka SMSA Ltd. P'ship, 917 P.2d 827 (Kan. 1996) (holding that companies providing two-way
 cellular radio telecommunications service did not transmit "telephonic
 messages" and thus could not be taxed as public utilities), with City
 of Jefferson City v. Cingular Wireless, LLC, 531 F.3d 595 (8th Cir. 2008) (holding
 that local tax ordinance imposing a tax on businesses supplying telephones and
 telephonic service applied to a cell phone service provider), cert. denied,
 129 S. Ct. 739 (2008), Airtouch
 Commc'ns, Inc. v. Dep't of Revenue, 76 P.3d 342 (Wyo. 2003) (finding
 that cellular service providers were telephone companies for the purposes of a property
 assessment statute), Southwestern
 Bell Mobile Sys., Inc. v. Arkansas Pub. Serv. Comm'n, 40 S.W.3d 838 (Ark. Ct. App. 2001) (finding that commercial mobile radio service
 providers fell within terms of a property assessment statute that applied to "telephone
 . . . or other similar companies"), City of Sunset Hills v.
 Southwestern Bell Mobile Sys., Inc.,
 14 S.W.3d 54 (Mo. Ct. App. 1999) (concluding that wireless communications
 service provider was a telephone company and that City therefore had statutory authority
 to impose a business license fee on it), and Cent. Ky. Cellular Tel.
 Co. v. Commonwealth, 897 S.W.2d 601 (Ky. Ct. App. 1995) (holding that cellular
 phone companies constituted telephone companies for the purposes of a property
 tax statute).
Because we find
 that further development of the facts is necessary to ascertain whether
 Respondents constitute telephone companies for the purposes of section
 12-20-100, we hold that the ALC erred by granting summary judgment on that
 issue.  Accordingly, we reverse the ALC's grant of summary judgment and remand
 for further proceedings as to the applicability of section 12-20-100 to
 Respondents.  
II. ALC's Failure to Properly Rule
 on Certain Issues
The Department also contends
 that the ALC failed to give proper consideration to other issues raised by the
 parties in their summary judgment motions.  Specifically, the Department refers
 to the following portion of the ALC's decision:

 The
 Alltel Entities further contend that DOR improperly calculated "gross
 receipts from regulated business" in its computation of the § 12-20-100 license
 fee due to the absence of a regulated business; that it improperly included the
 assets and gross receipts from partnerships in the computation of the §
 12-20-100 license fee because the corporate license fee applies only to
 corporations; and, that it improperly asserted a substantial understatement
 penalty against the Alltel Entities under § 12-54-155 (2000) because there is
 substantial authority for the calculation of the license fee on the original
 license fee returns.  Because the Court finds that § 12-20-100 does not apply
 to the Alltel Entities, it is unnecessary to reach these further assertions. 
 If the Court were to reach these issues, however, it would find for the Alltel
 Entities on each of these issues for the reasons set forth above.

(footnotes omitted).
"An administrative body
 must make findings which are sufficiently detailed to enable this Court to
 determine whether the findings are supported by the evidence and whether the
 law has been applied properly to those findings."  Hamm v. S.C. Pub.
 Serv. Comm'n, 309 S.C. 295, 300, 422 S.E.2d 118, 121 (1992).  An appellate
 court "will not accept an administrative agency's decision at face value
 without requiring the agency to explain its reasoning."  Kiawah Prop.
 Owners Group v. Pub. Serv. Comm'n of S.C., 338 S.C. 92, 96, 525 S.E.2d 863,
 865 (1999).  When an administrative agency's order fails to set forth the basis
 for its determination, the proper course of action is to remand the matter to
 the administrative agency.  Id. at 97, 525 S.E.2d at 865.   
Here, it is questionable
 whether the ALC actually ruled on the issues mentioned in the above-referenced
 portion of its decision.  The text of the decision states that "[i]f the Court were to reach these issues, . . . it would find for the Alltel
 Entities on each of these issues for the reasons set forth above."  (emphases
 added).  This statement indicates that it was not the ALC's intent to rule on
 these issues.[8]  Nonetheless, to the extent that the ALC did rule on any of these issues, we find
 that the rulings were not sufficiently detailed to enable proper review. 
 Accordingly, we reverse the above-referenced portion of the ALC's decision and
 remand the issues discussed therein to the ALC.   
CONCLUSION
For the foregoing
 reasons, the ALC's order granting summary judgment to Respondents is 
REVERSED AND REMANDED.
PIEPER and GEATHERS, JJ.,
 and CURETON, A.J., concur. 

[1] The names of a few of the Respondents are not spelled
 consistently throughout the record.  We defer to the spellings set forth in the
 text of Respondents' brief and the text of the ALC's order, and we order that
 the case caption be amended accordingly. 
[2] Companies that do not fall within section 12-20-100 may
 nevertheless be required to pay an annual license fee in accordance with
 section 12-20-50 of the South Carolina Code (2000 & Supp. 2009).  That
 section provides in part: "Except as provided in Section 12-20-100, every
 corporation required to file an annual report shall pay an annual license fee
 of fifteen dollars plus one dollar for each thousand dollars, or fraction of a
 thousand dollars, of capital stock and paid-in or capital surplus of the
 corporation as shown by the records of the corporation on the first day of the
 taxable year in which the report is filed."  S.C. Code Ann. § 12-20-50(A)
 (2000).
[3] The definitions for chapter 20 of title 12 are set
 forth in section 12-20-10 of the South Carolina Code (2000).
[4] Although the ALC did not rely exclusively upon the
 parties' stipulation, the stipulation was clearly a key factor in the court's decision. 
 For instance, in a footnote, the ALC stated that the stipulation "would
 seem to resolve the issue in favor of the Alltel Entities."  
[5] 279 S.C. 604, 310 S.E.2d 819 (Ct. App. 1983), overruled on other grounds by McCall v. Batson, 285 S.C. 243, 329
 S.E.2d 741 (1985).
[6] SeeS.C. Code Ann. § 58-11-10(f) (1976) (excluding telephone utilities from the
 definition of "radio common carrier").
[7] See27
 S.C. Code Ann. Regs. 117-329.4 (Supp. 2009) ("The following are examples
 of communication services that are subject to the sales and use tax . . . : (a)
 Telephone services, including telephone services provided via . . . a
 wireless transmission system . . .") (emphasis added).  
[8] Although the footnotes accompanying this portion of
 the ALC's decision purport to contain "alternative" findings, the
 explanation given for most of the findings is simply "for the reasons set
 forth above."  This fact suggests that the findings were not based on independent
 grounds, but rather on the ALC's conclusion that Respondents did not constitute
 telephone companies for the purposes of section 12-20-100.