**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Garry Hoyt, Appellant,

v.

CollaborativeMed, LLC and Richard L. Grounsell, Respondents.

Appellate Case No. 2015-001123

———————

Appeal From Greenville County
W. Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-093
Submitted October 5, 2017 – Filed February 21, 2018

———————

**REVERSED AND REMANDED**

———————

Mario Anthony Pacella, of Strom Law Firm, LLC, of Brunswick, GA, and John R. Alphin, of Strom Law Firm, LLC, of Columbia, for Appellant.

Richard L. Grounsell, pro se.

———————

**SHORT, J.:**  Garry Hoyt appeals the trial court's ruling in favor of the respondents Richard L. Grounsell and CollaborativeMed, LLC on his claim for breach of fiduciary duty, arguing the trial court erred in (1) failing to rule on his motion for partial summary judgment, (2) failing to find Grounsell owed a fiduciary duty to

Hoyt, and (3) failing to find Grounsell breached his fiduciary duty to Hoyt. We reverse and remand.[1]

**FACTS**

In the 1980s and 90s, Dr. Paul C. Davidson developed an algorithm to calculate the amount of insulin needed for intravenous delivery based on a patient's glucose value. Another physician, Dr. Dennis Steade, computerized the algorithm and created what became known as "Glucommander."[2] Doctors Bruce Bode, Davidson, and Steade (collectively, the doctors) joined together to commercialize Glucommander. Before they could begin marketing Glucommander, the doctors had to secure approval from the U.S. Food and Drug Administration (FDA).[3] The doctors also sought an additional partner. Grounsell, through his work in the medical industry, was acquainted with Dr. Bode. Grounsell met with Dr. Bode in the summer of 2005 and ultimately asked to join the doctors in making Glucommander commercially available. The four agreed Grounsell was to obtain FDA approval and develop the marketing and commercialization of the product, and the doctors would provide the science and medical support.

Thereafter, at Grounsell's request, Hoyt joined as a third partner. Hoyt, Grounsell, and Dr. Bode initially agreed to own one-third of the business, with Dr. Bode representing the doctors' collective shares. They later agreed to each own 25% of the shares with the remaining 25% allocated to employees. Hoyt signed a stock subscription agreement on March 24, 2006, for 250,000 shares of founders' stock at a penny per share, which he paid on May 18, 2006. The business was incorporated under GlucoTec, Inc. (GlucoTec) on March 28, 2006, and was created for the purpose of commercializing the sale of Glucommander. Hoyt testified he visited hospitals around the country to promote Glucommander between 2005 and 2006 and personally incurred approximately $30,000 in expenses.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Glucommander is a software system for intravenous insulin delivery that enables nurses to determine the amount of insulin a person needs without consulting a physician.

[3] Dr. Bode explained the FDA will only approve a medical device, such as Glucommander, if it has also approved the drug to be utilized in the device for that method and delivery. The pharmaceutical company that produced the insulin obtained FDA approval for intravenous use in September 2005.

CollaborativeMed, LLC (CollaborativeMed), a company owned and operated by Grounsell, obtained the intellectual property rights to Glucommander by assignment from the doctors on December 7, 2005. On April 25, 2006, GlucoTec shareholders, including Hoyt, named Grounsell to its board of directors. GlucoTec then held stockholders' meetings on May 11 and May 18, 2006. At the May 18 meeting, stockholders voted to approve the transfer of approximately 18 million shares in GlucoTec stock to CollaborativeMed in exchange for the assignment of rights to the provisional patent for Glucommander. Grounsell was the sole director of GlucoTec at the time of the transfer. He did not vote at the May 18 meeting, but another shareholder voted Grounsell's shares to approve the transfer. In June 2006, Glucommander received FDA approval. According to Grounsell, the only marketable asset of GlucoTec was the intellectual property it obtained from CollaborativeMed.

Hoyt denied receiving oral or written notice of either meeting. Grounsell testified he asked his secretary, Lori LePointe, to send notice via email to Hoyt of the shareholders' meeting; however, LePointe denied personally notifying Hoyt of the May 2006 meetings. Hoyt testified that, when he signed the shareholder agreement on May 18, 2006, he was not aware GlucoTec planned to issue 18 million shares to CollaborativeMed in exchange for the intellectual property rights to Glucommander.

Hoyt sued Grounsell[4] for (1) breach of fiduciary duty as to transfer of stock; (2) constructive trust; (3) fraud and deceit; and (4) unfair trade practice. Hoyt moved for partial summary judgment on his claims for breach of fiduciary duty, constructive trust, and unfair trade practices. Hoyt alleged Grounsell breached his fiduciary duty by "failing to provide notice of a May 18, 2006 shareholders' meeting." Immediately before trial, the court heard the parties' arguments and took the motion under advisement. Trial proceeded, and Hoyt did not renew his motion for partial summary judgment at any point. Following trial, the court issued an order finding in Grounsell's favor.

The trial court found GlucoTec's bylaws contained a provision requiring notice of shareholders' meetings "as to the place, date, hour, and purpose of the meeting and for such notice to be sent to the shareholders at their address as it appears on the books of the [c]orporation not less than ten days and no more than fifty days before the date of such meeting." The trial court found "the parties dispute whether Hoyt

---

[4] Hoyt brought claims against several parties and settled with all parties except Grounsell and CollaborativeMed prior to trial.

had actual notice of the May 11 stockholders['] meeting, [but] they do not dispute that notice was not given in strict compliance with Gluco[T]ec By-Laws." The trial court made no finding regarding whether Hoyt received notice of the May 18 meeting but noted he was not present.

In its first final order, the trial court did not rule on Hoyt's claim for breach of fiduciary duty, but ruled on a cause of action for stockholder oppression under section 33-8-310 of the South Carolina Code (2006), notwithstanding Hoyt did not include such cause of action in his complaint. The trial court found GlucoTec could not succeed without the right to market Glucommander, and therefore, CollaborativeMed could "name its price" because it was "under no obligation to permit the marketing and sale of Glucommanders by GlucoTec." Thus, the trial court found although Grounsell did not dispute he had an interest in the transaction, he established the transaction was fair to GlucoTec pursuant to section 33-8-310 because it "enabled GlucoTec to begin business." The trial court further found by marketing Glucommander, Hoyt accepted CollaborativeMed's assignment of the right to market the Glucommander, and by so accepting the benefit of this assignment, "Hoyt approved the transaction which benefited Gluco[T]ec for whom he worked."

Hoyt filed a motion pursuant to Rule 59(e), SCRCP, asking the court to rule on his claim for breach of fiduciary duty. The court amended its order to address the breach of fiduciary duty claim as to the transfer of stock. In its amended order, the trial court ruled, "Hoyt assert[ed] that Grounsell owed him a fiduciary duty as a promoter or founder of [GlucoTec] and that is a correct statement of the law." However, the trial court ultimately denied the motion for reconsideration, finding "the actions of Grounsell actually benefitted Hoyt and ultimately delivered to him a windfall for which he invested no money and very little time" and there were "no violations of any fiduciary duty owed to Hoyt under these facts." This appeal followed.

## STANDARD OF REVIEW

"In an action at law tried without a jury, [this] court's scope of review extends merely to the correction of errors of law." *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009). "The [c]ourt will not disturb the trial court's findings unless they are found to be without evidence that reasonably supports those findings." *Id.* at 600, 675 S.E.2d at 415.

**LAW/ANALYSIS**

**I.  Summary Judgment**

Hoyt argues the trial court erred in failing to rule on his motion for summary judgment.  We disagree.

"[T]he denial of [a motion for] summary judgment is not appealable, even after final judgment."  *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003).

Immediately before trial, the trial court heard argument on Hoyt's motion for partial summary judgment and took the motion under advisement.  Trial proceeded, and Hoyt did not renew his motion at any point.  Following trial, the court issued a final order ruling in Grounsell's favor.

We construe the trial court's final order ruling in Grounsell's favor following a full trial on the merits as a denial of Hoyt's motion for partial summary judgment.  Because the denial of summary judgment is not appealable, we decline to address this issue.  *See id.* ("The denial of summary judgment is not appealable, even after final judgment.").

**II.  Fiduciary Duty**

Hoyt argues the trial court erred in failing to rule on whether Grounsell owed Hoyt a fiduciary duty as an incorporator of a corporation.  We disagree.

"The promoters of a corporation occupy a relation of trust and confidence towards the corporation which they are calling into existence as well as to each other, and the law requires of them the same good faith it exacts from directors and other fiduciaries."  *Duncan v. Brookview House, Inc.*, 262 S.C. 449, 456, 205 S.E.2d 707, 710 (1974); *see also Bivens v. Watkins*, 313 S.C. 228, 233, 437 S.E.2d 132, 135 (Ct. App. 1993) (finding overwhelming evidence that respondent breached his fiduciary duty owed as a promotor of corporation, reversing the trial court's finding there was no fiduciary relationship, and remanding to the trial court for reconsideration on that cause of action).

In its amended order, the trial court found Grounsell owed Hoyt a fiduciary duty as a promoter or founder of GlucoTec.  Because the trial court ruled on the issue, we need not address it.  *See, e.g., Seabrook v. Knox*, 369 S.C. 191, 197, 631 S.E.2d

907, 910 (2006) ("If there is no actual controversy, this [c]ourt will not decide moot or academic questions.").

## III. Breach of Fiduciary Duty

Hoyt asserts Grounsell breached his fiduciary duty by failing to notify him of a stockholders' meeting when the purpose of the meeting was an interested director transaction to transfer almost half of GlucoTec's authorized shares to Grounsell. Hoyt further argues the transfer of stock from GlucoTec to CollaborativeMed constituted a breach of fiduciary duty.

"To establish a claim for breach of fiduciary duty, [a claimant] must prove (1) the existence of a fiduciary duty, (2) a breach of that duty owed to the [claimant] by the defendant, and (3) damages proximately resulting from the wrongful conduct of the defendant." *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 335-36, 732 S.E.2d 166, 173 (2012).

As an initial matter, we decline to address Hoyt's contention Grounsell breached his fiduciary duty by engaging in an interested director transaction. It is undisputed that Grounsell was an interested director. Although Hoyt did not allege a claim for stockholder oppression in his complaint, the trial court ruled on the issue and found Grounsell met his burden of proving the transaction was fair. *See* S.C. Code Ann. § 33-8-310(a)(1)-(3). Hoyt did not challenge those findings on appeal. Thus, the trial court's findings pertaining to stockholder oppression are the law of the case. *See, e.g.*, *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 320, 594 S.E.2d 867, 878 (Ct. App. 2004) ("A portion of a judgment that is not appealed presents no issue for determination by the reviewing court and constitutes, rightly or wrongly, the law of the case.").

Grounsell does not challenge the trial court's finding that he owed Hoyt a fiduciary duty as a promoter or founder of GlucoTec. Thus, we need not decide whether a fiduciary duty exists. *See id.* (providing an issue that is unchallenged on appeal constitutes the law of the case).

Hoyt alleged in the complaint that Grounsell breached his fiduciary duty by failing to provide notice of the May 18, 2006 shareholders' meeting. Hoyt contends Grounsell, as the sole director of GlucoTec, was responsible for providing notice of a called shareholders' meeting in compliance with GlucoTec's bylaws. The bylaws contain "a provision requiring notice of meetings of the shareholders as to the place, date, hour, and purpose of the meeting and for such notice to be sent to

the shareholders at their address as it appears on the books of the [c]orporation" at least ten days but no more than fifty days before the date of the shareholders' meeting. Hoyt argues there is no evidence he was given written notice of the shareholders' meeting in accordance with the bylaws.

The trial court made no finding regarding whether Hoyt received notice of the May 18 meeting but noted he was not present and found the parties did not dispute that notice was not received in strict compliance with GlucoTec's bylaws.[5] At the May 18 meeting, stockholders voted to approve the transfer of approximately 18 million shares in GlucoTec stock to CollaborativeMed—Grounsell's company—in exchange for the assignment of rights to the provisional patent for Glucommander.

Although the trial court found Grounsell owed Hoyt a fiduciary duty, it determined "the actions of Grounsell actually benefitted Hoyt and ultimately delivered to him a windfall for which he invested no money and very little time" and there were "no violations of any fiduciary duty owed to Hoyt under these facts." However, the trial court made no specific factual findings pertaining to the issue of whether Grounsell breached this fiduciary duty by failing to provide Hoyt notice of either the May 11 or May 18 meeting in compliance with GlucoTec's bylaws.

Rule 52(a), SCRCP, provides that, in cases tried without a jury, the trial court "shall find the facts specially and state separately its conclusions of law thereon." Further, such "findings must be sufficient to allow this [c]ourt, sitting in its appellate capacity, to ensure the law is faithfully executed below." *In re Treatment & Care of Luckabaugh*, 351 S.C. 122, 133, 568 S.E.2d 338, 343 (2002). This court is unable to review the trial court's decision when such decision lacks "factual findings . . . because 'the reasons underlying the decision [are] left to speculation.'" *Id.* (quoting *Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n of S.C.*, 338 S.C. 92, 96, 525 S.E.2d 863, 866 (1999)).

We find the trial court's order lacks an adequate factual finding or legal conclusion concerning whether Grounsell's failure to provide notice of the May 11 and May

_____

[5] Respondents filed no brief on appeal. Accordingly, it is undisputed that Hoyt did not receive notice in accordance with GlucoTec's bylaws. *See* Rule 208, SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); *Turner v. Santee Cement Carriers, Inc.*, 277 S.C. 91, 96, 282 S.E.2d 858, 860 (1981) (finding the respondent's failure to file a brief allows the court to "take such action upon the appeal as it deems proper" and such "failure alone would justify reversal").

18 meetings in accordance with GlucoTec's bylaws constituted a breach of Grounsell's fiduciary duty to Hoyt. *See* Rule 52(a), SCRCP (providing that, when a case is tried without a jury, "the court shall find the facts specially and state separately its conclusions of law"); *Luckabaugh*, 351 S.C. at 133, 568 S.E.2d at 343 ("The absence of factual findings makes our task of reviewing the court order impossible because 'the reasons underlying the decision [are] left to speculation.' (quoting *Kiawah Prop. Owners Grp.*, 338 S.C. at 96, 525 S.E.2d at 866)). Therefore, we remand this case to the trial court for determination solely on the issue of whether Grounsell's failure to give notice to Hoyt in compliance with the requirements of GlucoTec's bylaws constituted a breach of fiduciary duty, and if so, whether Hoyt suffered damages as a proximate result. *See RFT Mgmt. Co.*, 399 S.C. at 335-36, 732 S.E.2d at 173 (holding a claimant alleging breach of fiduciary duty must show "(1) the existence of a fiduciary duty, (2) a breach of that duty owed to the [claimant] by the defendant, and (3) damages proximately resulting from the [defendant's] wrongful conduct").

**CONCLUSION**

Accordingly, the decision of the trial court is

**REVERSED AND REMANDED.**

**WILLIAMS and GEATHERS, JJ., concur.**