20060

The STATE of South Carolina, Respondent, v. YELSEN LAND
COMPANY, INC., and Dajon Realty Company, Appellants.

(216 S. E. (2d) 876)

*Messrs. Arthur G. Howe* and *Paul N. Uricchio, Jr.,* of *Uricchio, Howe & Krell,* Charleston, and *Edwin P. Gardner,* of *Sloan & Gardner,* Columbia, for *Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Edward B. Latimer, Asst. Atty. Gen.,* of Columbia, and *Edward D.*

80

*Buckley,* of *Bailey & Buckley,* Charleston, *for Respondent,*

July 14, 1975.

LEWIS, Justice:

This action was brought by the State of South Carolina against Yelsen Land Company, Inc., and Dajon Realty Company, Inc., to settle a dispute between the State and the defendant Corporations concerning title to certain tidelands adjacent to the highlands on Morris Island located near Charleston, South Carolina. It is conceded that Yelsen and Dajon own the highlands comprising Morris Island, Yelsen claiming the southern portion and Dajon the northern part. The line of demarcation between the respective areas claimed by each corporation cannot be ascertained, but both corporations are owned by the same party. This controversy involves only the respective claims of the parties to the adjacent tidelands.

After a prior appeal involving the mode of trial, *State v. Yelsen Land Company, et al.,* 257 S. C. 401, 185 S. E. (2d) 897, the case was tried before the court and a jury, resulting in a verdict in favor of the State. Yelsen and Dajon have appealed, asserting by their exceptions, error in the trial court's refusal of their timely motion for a directed verdict and, alternatively, seek a new trial upon the basis of

alleged trial errors in the admission of testimony and in the instructions to the jury.

The State is presumptively the owner of the tidelands and contends, in this case, that it has never parted with title to the area in question. Yelsen and Dajon contend that they are the owners of the tidelands in controversy by virtue of grants from the State—Yelsen under a grant in 1790 to its predecessor in title, the United States of America, and Dajon under a grant in 1818 to its claimed predecessor in title, John M. Maillard. Since the claims of Yelsen and Dajon are based upon separate chains of title, they will be discussed separately.

Since the State is presumptively the owner of the tidelands, the burden rested upon Yelsen and Dajon to prove that the State had granted title to such lands to their predecessors in title. *State v. Pinckney,* 22 S. C. 484; *State v. Hardee,* 259 S. C. 535, 193 S. E. (2d) 497.

According to the agreed Statement in the Transcript of Record, Yelsen is claiming under a grant by the State of South Carolina to the United States of America, on January 20, 1790, as contained in Act No. 1486 of 1790, Vol. 5, pages 147, 148 of the Statutes of South Carolina from 1786 to 1814. The area included in the grant is described as "Middle Bay Island," "Bounded to the North by a small inlet passing between the said island and Morris's Island, to the South by an inlet called the Folly Inlet, to the East by the Atlantic Ocean, and to the West by a sound or Creek passing between the said Middle Bay Island and the other island aforesaid."

In *State v. Griffith,* (filed herewith) S. C., 216 S. E. (2d) 765, we held that similar descriptive language was insufficient to convey title to the tidelands there in dispute. The record here shows conclusively that the "inlet" and "sound or creek" referred to as boundaries in the grant, under which Yelsen claims, were arms of the Atlantic Ocean and subject to the ebb and flow of the tides.

Under well settled rules of construction naming such boundaries will convey land only to the high water mark in the absence of specific language, either in the grant or upon a plat, showing that it was intended to convey land below the high water mark. *State v. Hardee,* 259 S. C. 535, 193 S. E. (2d) 497, *Cape Romain Land & Improvement Co. v. Georgia-Carolina Canning Co.,* 148 S. C. 428, 146 S. E. 434.

Under the principles set forth in *State v. Griffith, supra,* the language of the grant, under which Yelsen claims, being insufficient to convey the land below the high water mark and there being no other fact tending to prove an intent to grant title beyond the high water mark, Yelsen had completely failed to establish its claim to the tidelands in question.

Appellant Dajon has likewise failed to prove its claim. It traced its title to a conveyance from J. A. Leland, Master in Equity, to G. W. McCormick, dated February 6, 1884, for a tract of 820 acres, described as:

All that lot, piece or parcel of land on Morris Island, in Charleston County, and State aforesaid, measuring and containing eight hundred twenty acres, more or less, being the whole of Morris Island, excepting that portion belonging to the United States Government, the said Island being bounded by the Atlantic Ocean and the waters of Charleston Harbor.

The boundaries given of the "Atlantic Ocean and the waters of Charleston Harbor" did not convey title to low water mark, and the foregoing deed, therefore, did not convey title to tidelands. *State v. Griffith, supra.*

In further support of its claim of title to tidelands, Dajon introduced into evidence a deed from the State to John M. Maillard, dated August 3, 1818, covering a tract on Morris Island, consisting of 236 acres of highland and 102 acres of "marsh land."

It is conceded that Dajon could not connect its title to the above conveyance from the State to Maillard. Since Dajon was unable to connect its title to a grant from the State, it failed to establish its claim to the tidelands in question.

We, therefore, hold that there was no evidence to sustain the claims of title of either Yelsen or Dajon to the tidelands in question and the trial judge properly denied their motions for a directed verdict.

Appellant, Yelsen and Dajon, argue also that the State is precluded from maintaining this action by reason of the limitation provisions of Sections 10-121 and 10-129 of the 1962 Code of Laws.

Section 10-121 provides:

"The State will not sue any person for or in respect to any real property or the issues or profits thereof by reason of the right or title of the State to the same unless:

"(1) Such right or title shall have accrued within twenty years before any action or other proceeding for the same shall be commenced; or

"(2) The State or those from whom it claims shall have received the rents and profits of such real property or of some part thereof within the space of twenty years.

Section 10-129 provides:

"No action shall be commenced in any case for the recovery of real property or for any interest therein against a person in possession under claim of title by virtue of a written instrument unless the person claiming, his ancestor or grantor, was actually in the possession of the same or a part thereof within forty years from the commencement of such action."

Assuming the applicability of these code sections to the assertion of the rights of the State to tidelands, the present action would not be barred under the facts of this case.

The position of appellants, Yelsen and Dajon, that this action is barred by the foregoing limitation statutes is based solely upon the contention that they

and their predecessors in title have been in possession of the tidelands in question for the statutory periods under a claim of title by virtue of the above mentioned grants of the State to the United States Government in 1790 and to John M. Maillard in 1818. The possession, which they assert to defeat the right of action of the State, is based upon the presumption of possession which follows the establishment of legal title. Since, as previously pointed out, the foregoing grants did not convey the tidelands in question, there could be no basis for appellants' claims of possession or the assertion of the bar of the statutes.

The remaining exceptions, which charge error in the admission of testimony by the State as to the value of the tidelands and in the instructions to the jury, could not have resulted in prejudice to the appellants, since their failure to establish any defense to the State's claim of ownership of the tidelands in question deprived them of the right to a verdict in any event.

The judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.