675 S.E.2d 414

Richard TEMPLE, Petitioner,

v.

TEC–FAB, INC., and Andrew Lytle, Respondents.

No. 26610.

Supreme Court of South Carolina.

Heard Jan. 21, 2009.

Decided March 9, 2009.

Rehearing Denied April 23, 2009.

William Thomas Moody, of McKeown Law Firm, of York, for Petitioner.

J. Cameron Halford, of Halford & Niemiec Law Firm, of Ft. Mill, for Respondent.

PER CURIAM.

We granted a writ of certiorari to review the Court of Appeals' opinion in *Temple v. Tec–Fab, Inc.*, 370 S.C. 383, 635 S.E.2d 541 (Ct.App.2006). The issue on certiorari is whether the Court of Appeals erred in reversing an award of treble damages for a violation of the Payment of Wages Act. We affirm in part, reverse in part, and remand to the trial court.

## FACTS

Temple was employed at Tec–Fab, Inc., a metal fabrication company in York County, for a salary of $5000 per month. In December 2000, Temple purchased a 15% ownership interest in the company from Tec–Fab's president and sole shareholder, Richard Lytle. Temple became corporate vice-president and ran the company on a daily basis; his salary was increased to $6000 per month. Temple remained employed by Tec–Fab until February 2003, at which time he was fired by Lytle. The letter of termination advised Temple he would receive back pay upon receipt of money from Accutron, a Tec–Fab customer, in one month.

Temple filed a complaint in April 2003, alleging Tec–Fab failed to pay his monthly wages for the months of September, October, November, and half of December 2002, as well as February 2003, thereby owing him back wages. The complaint sought treble damages under the Payment of Wages Act. S.C.Code Ann. §§ 41–10–10 to –110 (1986 & Supp.2005).

Tec–Fab and Lytle answered and counterclaimed, alleging Temple 1) had failed to remit to it $15,000 in payments he had received from Accutron, 2) had failed to return a truck owned by Tec–Fab, and 3) had kept $5114 in proceeds from the sale of scrap metal which was owed to Tec–Fab. At trial, Temple admitted he had kept some of the proceeds from the sale of scrap metal, such that the master ruled Tec–Fab was entitled to a set-off of $5114 against the back-wages owed. Based on Lytle's testimony that he told Temple subsequent to his firing that he could keep the Tec–Fab truck if he assumed the liability on it (which was $20,568.30), the circuit court found there was no conversion of the vehicle nor any set-off required.

The trial court further ruled Temple was entitled to the gross amount of his back wages, totaling $27,500.00, which was then reduced by the $5114 scrap metal proceeds.[1] The master's order goes on to state that the gross sum of $22,385.75 **"will be trebled as required by statute,** giving a total award of wages to Plaintiff of $67,157.25." (emphasis supplied). Temple was also awarded $7069.50 in costs and attorneys fees.

The Court of Appeals reversed the award of treble damages, finding the circuit court committed an error of law in concluding the statute mandated trebling. It further held, after a review of the record on appeal, that there was a bona fide dispute over the wages in question. It therefore modified Temple's award to $22,385.75 (Temple's gross unpaid wages less the $5,114.25 withheld in company proceeds).

## ISSUE

The sole issue on certiorari is whether the Court of Appeals erred in reversing the award of treble damages to Temple?

## DISCUSSION

 In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of

---

1. The master ordered the record re-opened to ascertain the amount of scrap metal proceeds retained by Temple unless he consented to the amount of $5114, as stated by Tec–Fab; Temple consented. This was an amended order; the original order indicated Temple was entitled to net, rather than gross wages.

errors of law. The Court will not disturb the trial court's findings unless they are found to be without evidence that reasonably supports those findings. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

The Court of Appeals held the circuit court's ruling was controlled by an error of law, inasmuch as the trial court held the statute **required** the imposition of treble damages. We agree.

S.C.Code Ann. § 41–10–80(c) states, "[i]n case of any failure to pay wages due to an employee as required by Section 41–10–40 or 41–10–50 the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow." The language of § 41–10–80(c) is discretionary and **not mandatory.** In *Rice v. Multimedia, Inc.,* 318 S.C. 95, 98, 456 S.E.2d 381, 383 (1995), we held that "[t]he imposition of treble damages in those cases where there is a bona fide dispute would be unjust and harsh." The Court went on to note:

> [T]here are some wage disputes when the issue may involve a valid close question of law or fact which should properly be decided by the courts. We do not believe the legislature intended to deter the litigation of reasonable good faith wage disputes; we do believe the legislature intended to punish the employer who forces the employee to resort to the court in an unreasonable or bad faith wage dispute.

*Id.* at 99, 456 S.E.2d at 384. A finding that an employee is entitled to recover unpaid wages is not equivalent to a finding that there existed no bona fide dispute as to the employee's entitlement to those wages. *O'Neal v. Intermedical Hosp. of South Carolina,* 355 S.C. 499, 585 S.E.2d 526 (Ct.App.2003). *Accord Futch v. McAllister,* 335 S.C. 598, 518 S.E.2d 591 (1999) (employee was not entitled to treble damages under Payment of Wages Act in light of bona fide dispute as to whether employer owed any wages based on employee's alleged disloyalty).

Although we agree with the Court of Appeals' ruling that the trial judge's award of treble damages was controlled by an error of law, we find it was for the trial court to determine, in the first instance, whether there existed a bona fide dispute

such that treble damages were not warranted. *See Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991)* (Court of Appeals should not address an issue which was not explicitly ruled on below). Accordingly, to the extent the Court of Appeals ruled on this question, its opinion is reversed and the matter is remanded to the trial court for further consideration.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[2]**

TOAL, C.J., WALLER, PLEICONES, BEATTY, JJ., and Acting Justice JAMES E. MOORE, concur.

---

**2.** The parties assert that the Court of Appeals also reversed the award of attorneys fees and costs; we find no language to this effect in the Court of Appeals' opinion. The trial court is directed to address this issue on remand and may award attorneys fees and costs in its discretion.