705 S.E.2d 21

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Respondent,**

**v.**

**HORRY COUNTY, Burroughs and Chapin Company, Inc., Wendell A. Grainger, Wanda B. Grainger, William Michael Grainger, Augustus Mace Grainger, and Rachel Louise Grainger Rabon, Defendants,**

**Of whom Wendell A. Grainger, Wanda B. Grainger, William Michael Grainger, Augustus Mace Grainger, and Rachel Louise Grainger Rabon are Appellants.**

No. 26911.

Supreme Court of South Carolina.

Heard Oct. 19, 2010.

Decided Jan. 18, 2011.

Rehearing Denied Feb. 16, 2011.

---

1. We do not reach the remaining issues.

78

Louis David Nettles, of Folkens Law Firm, of Florence, W.E. Jenkinson, III and Jennifer R. Kellahan, both of Jenkinson, Jarrett and Kellahan, of Kingstree, for Appellants.

Barbara Munig Wessinger, of SCDOT, of Columbia, and John Samuel West, of Moncks Corner, for Respondent.

John L. Weaver, of Office of Horry County Administrator, of Conway, for Defendants.

Chief Justice TOAL.

The South Carolina Department of Transportation (SCDOT) filed a declaratory judgment action, seeking a determination that it had a valid easement across the Graingers' (Appellants) land. The special referee found SCDOT does hold a valid easement, and this appeal followed.

## FACTS/PROCEDURAL BACKGROUND

By way of a deed executed in 1924, the Burroughs & Chapin Co. (B & C) conveyed a 400 feet by 700 feet easement over a parcel of land to Horry County for the purposes of "laying out and opening, widening and relocating" Pee Dee Road.[1] In August 1930, Horry County conveyed this easement to the state highway department.[2] In September 1930, B & C

---

1. This deed was recorded in the Office of Register of Mesne Conveyances for Horry County on December 11, 1924 in Deed Book B5 at page 351.

2. This deed was recorded in the Office of Register of Mesne Conveyances for Horry County on August 18, 1930 in Deed Book U5 at page 289.

conveyed a 75 feet wide easement over the same parcel to the State for the construction of a different state highway project.

In 1979, Horry County gave B & C a quitclaim deed, purporting to transfer its interest in the 1924 easement back to B & C.[3] The deed references the 1924 transaction between Horry County and B & C, but makes no mention of Horry County's transfer to the state highway department in 1930. In 1985, B & C conveyed Appellants portions of the parcel; their deeds made no mention of an easement across their property. Appellants did not conduct title examinations until seeking mortgages to construct residences upon the properties. The examinations missed the 1930 grant of the easement to the highway department, although it was in the chain of title. In 2006, SCDOT notified Appellants that it was planning to replace an existing bridge and was going to relocate the access road, which meant coming through the properties occupied by the Appellants.

Appellants claim this is the first they knew of the easement, and that they had no way of knowing about the easement before SCDOT notified them of its intentions. SCDOT ultimately filed a declaratory judgment action against Appellants and other defendants. Appellants filed cross-claims against B & C and others. All parties agreed that the declaratory judgment action should be adjudicated first, with all other claims held in abeyance. The declaratory judgment action was referred to a master-in-equity, who was unable to hear the case due to a medical condition. The parties then agreed to have the case heard by a special referee. Former circuit court judge John Smith sat as a special referee for the nonjury trial of this matter, and issued a decision holding that SCDOT obtained title to the valid easement in 1930, and theories of adverse possession, presumption of a grant, equitable estoppel, and abandonment do not operate to deprive SCDOT of its title.

## ISSUES

Appellants present the following issues for review:

---

3. This deed was recorded in the Office of Register of Mesne Conveyances for Horry County on November 2, 1979 in Deed Book 658 at page 498.

 I. Did the special referee err in finding a valid easement was created by the 1924 deed from B & C to Horry County?

 II. Did the special referee err in not finding a public dedication?

 III. Did the special referee err in holding equitable estoppel did not deprive SCDOT of its rights to the easement?

 IV. Did the special referee err in holding the doctrine of presumption of grant did not deprive SCDOT of its rights to the easement?

### STANDARD OF REVIEW

 Declaratory judgment actions are neither legal nor equitable; therefore, the standard of review depends upon the nature of the underlying issues. *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009). "In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law." *Temple v. Tec–Fab, Inc.*, 381 S.C. 597, 599–600, 675 S.E.2d 414, 415 (2009). This Court will not disturb the trial court's factual findings unless they are without evidence reasonably supporting those findings. *Id.* In equitable actions, an appellate court may find facts in accordance with its own view of the preponderance of the evidence. *Denman v. City of Columbia*, 387 S.C. 131, 140, 691 S.E.2d 465, 470 (2010). "When legal and equitable actions are maintained in one suit, each retains its own identity as legal or equitable for purposes of the applicable standard of review on appeal." *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 338 S.C. 572, 580, 527 S.E.2d 371, 375 (Ct.App. 2000) (citing *Corley v. Ott*, 326 S.C. 89, 92, n. 1, 485 S.E.2d 97, 99, n. 1 (1997)).

### ANALYSIS

### I. Existence of the Easement

 Appellants argue the special referee erred in finding a valid easement because the language in the 1924 deed was too vague to create an easement. We disagree.

■ The determination of the existence of an easement is a question of fact in a law action and subject to an "any evidence" standard of review when tried by a judge without a jury. *Hardy v. Aiken,* 369 S.C. 160, 165, 631 S.E.2d 539, 541 (2006). Therefore, this Court will not overturn a trial court's finding that an easement exists unless that conclusion is controlled by an error of law or without evidentiary support. *See* S.C. Const. art. V, § 5 (providing this state's appellate courts have jurisdiction to correct trial court's erroneous legal findings in law and equity cases); *Hardy,* 369 S.C. at 165, 631 S.E.2d at 541.

Appellants contend the 1924 deed did not describe the boundaries of the easement adequately to create a valid easement. The special referee, however, found the deed gives the dimensions of the easement and sufficiently refers to the boundaries. *See Binkley v. Rabon Creek Watershed,* 348 S.C. 58, 72, 558 S.E.2d 902, 909 (Ct.App.2001) ("It is not essential to the validity of a grant of an easement that it be described by metes and bounds or by figures giving definite dimensions of the easement."). The special referee's findings are supported by evidence in the record; therefore, the special referee did not err in concluding a valid easement was created by the 1924 deed.

The special referee then found that because the 1924 deed created a valid easement, and because Horry County conveyed that easement to the state highway department in 1930, Horry County did not have title to the easement when it gave B & C a quitclaim deed in 1979. Therefore, SCDOT retains valid title to the easement.

## II. Public Dedication

■ Appellants argue that if the 1924 deed created a valid easement, then that easement was dedicated to the public, and the law of dedication requires the dedication be construed in the least restrictive manner. Therefore, the Appellants argue, the special referee erred in not finding and restrictively construing the easement as a public dedication. The special referee, however, made no findings as to public dedication, and there is nothing in the record to show Appellants made any post-trial motions regarding this issue. Thus, we find this issue has not been preserved for review by this Court. *See*

*S.C. Dept. of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 641 S.E.2d 903 (2007) (an issue must be raised to and ruled upon by the trial judge to be preserved for appellate review); *Lucas v. Rawl Family Ltd. P'ship*, 359 S.C. 505, 598 S.E.2d 712 (2004) (issue may not be raised for the first time on appeal).

### III. Equitable Estoppel

■ Appellants argue SCDOT is estopped from asserting its right to the easement. We disagree.

■ As a general rule, estoppel does not lie against the government to prevent the due exercise of its police power or to thwart the application of public policy. *Grant v. City of Folly Beach*, 346 S.C. 74, 80–81, 551 S.E.2d 229, 232 (2001). To prove estoppel against the government, the relying party must prove: (1) the lack of knowledge and of the means of knowledge of the truth of the facts in question; (2) justifiable reliance upon the government's conduct; and (3) a prejudicial change in position. *Id.*

The special referee found that the 1924 deed creating the easement was properly recorded and indexed and that Appellants had constructive notice of the easement. The special referee relied heavily upon *Binkley v. Rabon Creek Watershed*, 348 S.C. 58, 558 S.E.2d 902 (Ct.App.2001) in reaching his conclusion. In *Binkley,* the homeowners challenged the scope of a flowage easement, claiming the easement did not allow for the flooding of their lands past a certain point. The *Binkley* court found the recording of the easement gave the homeowners at least constructive notice of the extent of the easement, which in fact did allow for the flooding that occurred. Therefore, the homeowners failed to satisfy the first element of equitable estoppel: the lack of knowledge, and the means of knowledge, of the truth of the facts in question. *Id.* at 71, 558 S.E.2d at 909 ("A properly recorded title normally precludes an equitable estoppel against assertion of that title due to the requirement that the party raising the estoppel be ignorant of the true state of title or reasonable means of discovering it.") (cited with approval in *Boyd v. BellSouth Tel. Tel. Co.*, 369 S.C. 410, 423, 633 S.E.2d 136, 142 (2006)).

█ In this case, the deed creating the easement was properly recorded; thus, Appellants had constructive notice of the easement, regardless of their legally unfounded argument that finding the deed in question would be like "finding a needle in a haystack." *See Binkley,* 348 S.C. at 71, 558 S.E.2d at 909 ("Property owners are charged with constructive notice of instruments recorded in their chain of title." (citing *Carolina Land Co. v. Bland,* 265 S.C. 98, 107, 217 S.E.2d 16, 20 (1975))). Mere silence or acquiescence will not work an estoppel when the party seeking estoppel has constructive notice of the public records that disclose the true facts. *Binkley,* 348 S.C. at 74, 558 S.E.2d at 909. Therefore, the special referee properly ruled that SCDOT was not estopped from asserting its rights to the easement.

## IV. Presumption of Grant

█ Appellants argue the special referee erred in failing to distinguish between the doctrines of adverse possession and presumption of grant, and in failing to apply presumption of grant to the facts of this case. We disagree.

The special referee found no difference between the operation of the doctrines of adverse possession and presumption of grant in this case. Therefore, because rights may not be gained against the State by adverse possession, the special referee found Appellants' argument on this point fails. Appellants rely on section 15–3–310 of the South Carolina Code [4] as the basis for their argument. This section, Appellants' argue, requires the State to bring an action to settle title to real estate within twenty years of the action accruing. However, this Court has held this bar is predicated upon "a presumption of possession which follows the establishment of legal title." *State v. Fain,* 273 S.C. 748, 755, 259 S.E.2d 606, 609 (1979) (relying upon *State v. Yelsen Land Co.,* 265 S.C. 78, 216 S.E.2d 876 (1975)). The *Fain* court held that because the

---

4. This section provides in pertinent part:

The State will not sue any person for or in respect to any real property ... by reason of the right or title of the State to the same unless:

(1) Such right or title shall have accrued within twenty years before any action or other proceeding for the same shall be commenced....

grants at issue did not convey title to the disputed property, no basis existed for the party's assertion of the bar of section 15–3–310. Similarly, in this case, Appellants did not receive title to the easement because it remained with SCDOT. Therefore, Appellants cannot claim section 15–3–310 as a bar to SCDOT's action, and the special referee did not err in failing to apply presumption of grant.

### CONCLUSION

We recognize this is a harsh result for the Appellants. While we are sympathetic to their situation, this case concerns a purely legal issue and equitable principles simply are not applicable. We are mindful that our decision does not end this litigation but only answers one question, and that the underlying case will be fully litigated and all parties' rights and obligations will be properly determined. The special referee's order is affirmed.

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.