THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The National Bank of South Carolina Respondent,
 
 
 

v.

 
 
 
 Ship Ahoy Marina, LLC;
 Bhupedra Patel; Pradipkumar
 Patel; Jeffrey T. Shoup; David
 T. Hix; Baldwin Construction Co.;
 Carter Architecture, Inc.; Ocean
 Front Real Estate Company;
 Victor Cardinali; Ellen Cardinali;
 Roger Carlsen; Michael Nortung;
 Gulfstream Holdings, LLC;
 Michael McCarthy; Gary F.
 Ownbey; Brian A. Murdoch;
 Joseph Foley; Patricia Foley;
 Kurt Peins; Robert Peins; Derek
 Peins; Danny Quinn; Patricia
 Quinn; Barbara Kellner; George
 Van Woeart; Stanley Forman;
 Joyce Forman; Kenneth Tallmadge;
 Michael Clark; Harold Braswell;
 Steve Mendenhall; Clement
 Samaritano; Dawn Samaritano; Jean
 Keamy; Jon Hill; Equity Trust
 FBO Martha S. Williams, IRA;
 Gerald Pirozek; Richard Iacovelli;
 Doug Steinbrunner; Martin
 McGarvey; Nancy McGarvey;
 Patti Krukoff; Benjamin Bunce;
 Beverly Mandell; Eric Lapin; Rita
 Shane; and Nancy Mackillop, Defendants,
 of whom Gary F. Ownbey;
 Brian A. Murdoch; Joseph
 Foley; Patricia Foley; Kurt Peins;
 Robert Peins; Derek Peins;
 Danny Quinn; Patricia Quinn;
 Barbara Kellner; George Van Woeart;
 Stanley Forman; Joyce Forman;
 Kenneth Tallmadge; Michael Clark;
 Harold Braswell; Steve Mendenhall;
 Clement Samaritano; Dawn Samaritano;
 Jean Keamy; Jon Hill; Equity
 Trust FBO Martha S. Williams, IRA;
 Gerald Pirozek; Richard Iacovelli;
 Doug Steinbrunner; Martin McGarvey;
 Nancy McGarvey; Patti Krukoff;
 Benjamin Bunce; Beverly Mandell;
 Eric Lapin; Rita Shane; and Nancy
 Mackillop are Appellants.
 
 
 

Appeal From Horry County
Ralph Stroman, Special Referee

Unpublished Opinion No. 2011-UP-129
Submitted March 1, 2011  Filed March 29, 2011   

AFFIRMED IN PART, REVERSED IN PART, and REMANDED

 
 
 
 Randall K. Mullins and Jarrod E. Ownbey, both of N. Myrtle Beach, for Appellants.
 Tara E. Nauful, Sarah P. Spruill, and Lindsey C. Livingston, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  This appeal arises out of two orders granting summary judgment in favor of Respondent The National Bank of South Carolina (NBSC),
one order dismissing Appellants' counterclaims, and one order denying a motion to compel discovery.  We affirm in part, reverse in part, and remand[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.  As to the order granting summary judgment to NBSC based on lien priority, we affirm the finding that NBSC is entitled to lien priority as to all of
the Appellants' claims for an equitable lien except for the claim made by Appellant Eric Lapin.  See S.C. Code Ann. § 30-7-10 (2007) ("[A]ll
mortgages . . . are valid so as to affect the rights of subsequent creditors (whether lien creditors or simple contract creditors), or purchasers for valuable
consideration without notice, only from the day and hour when they are recorded in the office of the register of deeds . . . ."); Nat'l Bank of Newberry
v. Livingston, 155 S.C. 264, 282, 152 S.E. 410, 417 (1930) (finding there was no question that a duly recorded mortgage gave constructive notice of its
existence to creditors).
2.  As to the order granting summary judgment against Appellant Eric Lapin, we reverse and remand.  See Rule 56(c), SCRCP (providing for
summary judgment where there is no genuine issue of material fact); Oblachinski v. Reynolds, Op. No. 26932 (S.C. Sup. Ct. filed Feb. 22, 2011) (Shearouse
Adv. Sh. No. 6 at 49) ("In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be
drawn from the evidence in the light most favorable to the nonmoving party.") (internal quotation omitted); Wachovia Bank, N.A. v. Coffey, 389 S.C.
68, 75, 698 S.E.2d 244, 247 (Ct. App. 2010) (noting the doctrine of unclean hands precludes a party from recovering in equity if he acted unfairly in a matter
that is the subject of the litigation to the prejudice of the defendant);  Milliken & Co. v. Morin, 386 S.C. 1, 685 S.E.2d 828 (Ct. App. 2009)
(stating equitable relief is available only where there is no adequate remedy at law, meaning a remedy that is as certain, practical, complete, and efficient to
attain the ends of justice and its administration as the remedy in equity).
3.  As to the order dismissing Appellants' counterclaims pursuant to Rule 12(b)(6), SCRCP, and alternatively granting summary judgment to NBSC, we
affirm because Appellants appealed only the alternative grant of summary judgment pursuant to Rule 56, SCRCP, and not the primary ruling pursuant to Rule
12(b)(6).  See Jones v. Lott, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on
more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the
case."). 
4.  As to the order denying the motion to compel, we find this issue is not preserved for appellate review because the trial court ruled only on the
motion to compel filed and argued by codefendants who are not parties to the present appeal.  See S.C. Dep't of Transp. v. Horry Cnty., 391
S.C. 76, 705 S.E.2d 21, 25 (2011) (noting an issue must have been raised to and ruled upon by the trial court in order to be preserved for appellate review).
5.  As to all other issues, we affirm because Appellants' remaining arguments were raised for the first time on appeal.  See S.C. Dep't
of Transp., 391 S.C. at __, 705 S.E.2d at 25 (finding an issue may not be raised for the first time on appeal).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
HUFF, SHORT, and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.