**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tax Capital Group, LLC, Respondent,

v.

McCaffrey's Irish Pub and Restaurant, LLC and Edward MacMillan, Appellants.

Appellate Case No. 2011-187449

_____

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

_____

Unpublished Opinion No. 2012-UP-572
Heard October 3, 2012 – Filed October 24, 2012

_____

**AFFIRMED**

_____

Michael A. Timbes, of Thurmond Kirchner Timbes & Yelverton, PA, of Charleston, for Appellants.

Mary Leigh Arnold, of Mount Pleasant, for Respondent.

_____

**PER CURIAM:** This appeal arises from a lawsuit by Respondent Tax Capital Group, LLC (Tax Capital) against Appellants Edward MacMillan and McCaffrey's Irish Pub and Restaurant (collectively Appellants), claiming monies due under a commercial lease agreement, promissory note, and guaranty. On appeal,

Appellants argue the trial court erred in the following: (1) determining the September 13, 2006 lease was invalid; (2) awarding damages to Tax Capital when Tax Capital was the first party to materially breach the parties' agreement; (3) refusing to qualify Dr. Robert Frash as an expert in the field of restaurant enterprise viability; and (4) failing to offset damages by the value of Appellants' trade fixtures, equipment, personal property, and improvements in violation of the parties' agreement. We affirm.

1. As to whether the trial court erred in determining the September 13, 2006 lease was invalid, we find evidence in the record supports the trial court's finding that the November 6, 2006 lease was the only valid and binding agreement between the parties. *See Temple v. Tec–Fab, Inc.*, 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009) ("In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law."); *id.* at 600, 675 S.E.2d at 415 (providing an appellate court will not disturb the trial court's factual findings unless they are without evidence reasonably supporting those findings); *Davis v. Greenwood Sch. Dist. 50*, 365 S.C. 629, 634, 620 S.E.2d 65, 67 (2005) ("In order for a contract to be valid and enforceable, the parties must have a meeting of the minds as to all essential and material terms of the agreement."); *Redwend Ltd. P'ship v. Edwards*, 354 S.C. 459, 471, 581 S.E.2d 496, 502 (Ct. App. 2003) ("The parol evidence rule prevents the introduction of extrinsic evidence of agreements or understandings contemporaneous with or prior to execution of a written instrument when the extrinsic evidence is to be used to contradict, vary, or explain the written instrument."); *Davis v. KB Home of S.C., Inc.*, 394 S.C. 116, 127-28, 713 S.E.2d 799, 805 (Ct. App. 2011) (holding the parol evidence rule applies when the written instrument contains a merger or integration clause); *id.* at 128, 713 S.E.2d at 805 ("A merger clause expresses the intention of the parties to treat the writing as a complete integration of their agreement.").

2. As to whether the trial court erred in finding Tax Capital did not breach the November 6, 2006 lease, we find evidence in the record supports the trial court's finding that Tax Capital did not breach the lease. *See Temple*, 381 S.C. at 599-600, 675 S.E.2d at 415 ("In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law."); *id.* at 600, 675 S.E.2d at 415 (providing an appellate court will not disturb the trial court's factual findings unless they are without evidence reasonably supporting those findings); *Hennes v. Shaw*, 397 S.C. 391, 399, 725 S.E.2d 501, 506 (Ct. App. 2012) ("To recover for a breach of contract, the plaintiff must prove: (1) a binding contract; (2) a breach of contract; and (3) damages proximately resulting from the breach.");

*McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language.").

3.  As to whether the trial court erred in refusing to qualify Dr. Frash as an expert in the field of restaurant enterprise viability, we find no abuse of discretion because evidence exists from which the trial court could reasonably determine Dr. Frash was not qualified to testify regarding restaurant enterprise viability.  *See Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545, 555, 658 S.E.2d 80, 85 (2008) (holding the qualification of a witness as an expert is within the trial court's discretion, and this court will not reverse that decision absent an abuse of discretion); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Watson v. Ford Motor Co.*, 389 S.C. 434, 446, 699 S.E.2d 169, 174 (2010) ("[T]he trial court must find that the proffered expert has indeed acquired the requisite knowledge and skill to qualify as an expert in the particular subject matter.").  Furthermore, because Appellants failed to establish that Tax Capital breached the parties' agreement, Appellants were not prejudiced by the trial court's decision to not qualify Dr. Frash as an expert on restaurant enterprise viability.  *See* Rule 103, SCRE ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.").

4.  As to whether the trial court erred in failing to offset the damages awarded to Tax Capital by the value of Appellants' trade fixtures, equipment, and personal property, we find the issue unpreserved for our review.  Appellants raised the offset of damages issue to the trial court through counterclaims of unjust enrichment, conversion, breach of contract, and breach of covenant of good faith.  However, on appeal, Appellants argue they are entitled to have the damages offset based on forfeiture and recoupment.  Appellants' forfeiture and recoupment arguments were neither raised to nor ruled upon by the trial court; therefore, the issue is unpreserved.  *See Thomasko v. Poole*, 349 S.C. 7, 10, 561 S.E.2d 597, 598 (2002) ("An appellate court cannot address an issue unless first raised by appellant and ruled on by the trial judge."); *Gurganious v. City of Beaufort*, 317 S.C. 481, 488, 454 S.E.2d 912, 916 (Ct. App. 1995) (holding a party "cannot present and try his case on one theory and then change his theory on appeal").

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**