**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Lydia Miller and Doris Knight, Plaintiffs,

Of Whom Lydia Miller is the Respondent,

v.

Willie Fields, Paula White, and The Refurbished Center Inc., Defendants,

Of Whom Willie Fields is the Appellant.

Appellate Case No. 2014-001154

Appeal From Lexington County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2016-UP-303
Submitted March 1, 2016 – Filed June 15, 2016

**AFFIRMED**

S. Jahue Moore and John Calvin Bradley, Jr., both of Moore Taylor Law Firm, P.A., of West Columbia, for Appellant.

Joshua Koger, Jr., of The Law Offices of Joshua Koger, Jr., of Columbia, for Respondent.

**PER CURIAM:**  Willie Fields appeals the trial court's order finding a valid contract existed between Fields and Lydia Miller and awarding Miller $12,000 in damages for breach of contract.   Fields argues the trial court erred by (1) determining Miller had standing to pursue this action, (2) awarding Miller damages for breach of contract to have the home ready for occupancy in August 2011, (3) finding Miller suffered damages as the result of the alleged breach of contract, (4) failing to take Fields's damages into consideration in its calculation of damages, and (5) failing to award Fields damages pursuant to his counterclaim against Miller.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in determining Miller had standing to pursue this action:  *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008) ("Standing refers to '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" (alteration in original) (quoting Black's Law Dictionary 1413 (7th ed.1999))); *id.* ("It concerns an individual's 'sufficient interest in the outcome of the litigation to warrant consideration of [the person's] position by a court.'"  (alteration in original) (quoting 1A C.J.S. *Actions* § 101 (2005))); *Brock v. Bennett*, 313 S.C. 513, 519, 443 S.E.2d 409, 412 (Ct. App. 1994) ("Standing is a fundamental requirement for instituting an action."); *Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 28, 630 S.E.2d 474, 479 (2006) ("Generally, a party must be a real party in interest to the litigation to have standing."); *id.* ("A real party in interest is a party with a real, material, or substantial interest in the outcome of the litigation."); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 220, 746 S.E.2d 478, 481 (Ct. App. 2013) ("It is ownership of the right sought to be enforced which qualifies one as a real party in interest, rather than absolute ownership of specific property." (quoting 4 S.C. Jur. *Action* § 23 (1991))).

2.  As to whether the trial court erred in awarding Miller damages for breach of contract or finding Miller suffered damages as the result of the alleged breach of contract:  *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009) ("In an action at law tried without a jury, an appellate court's scope of

————————

[1] We combined Fields's second and third issues and also his fourth and fifth issues below.

review extends merely to the correction of errors of law."); *id.* at 600, 675 S.E.2d at 415 ("The [c]ourt will not disturb the trial court's findings unless they are found to be without evidence that reasonably supports those findings."); *Consignment Sales, LLC v. Tucker Oil Co.*, 391 S.C. 266, 271, 705 S.E.2d 73, 76 (Ct. App. 2010) ("In order to recover for breach of contract, a plaintiff must allege and prove (1) the existence of a contract, (2) breach of the contract, and (3) damages caused by the breach."); *Player v. Chandler*, 299 S.C. 101, 105, 382 S.E.2d 891, 893 (1989) ("[I]n order to have a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to *all* essential and material terms of the agreement.").

3.  As to whether the trial court erred in failing to take Fields's damages into consideration or to award Fields damages for his counterclaim against Miller: *West v. Newberry Elec. Coop., Inc.*, 357 S.C. 537, 543, 593 S.E.2d 500, 503 (Ct. App. 2004) (finding an issue that is neither addressed by the trial court in its final order nor raised by way of a Rule 59(e), SCRCP, motion is not preserved for review).

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.