# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Alexis Jones, Respondent,

v.

Progressive Northern Insurance Company, Petitioner.

Appellate Case No. 2025-000943

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Chester County
Brian M. Gibbons, Circuit Court Judge

---

Opinion No. 28325
Heard February 10, 2026 – Filed April 22, 2026

---

### REVERSED

---

John Robert Murphy and Megan Noelle Walker, both of
Murphy & Grantland, P.A., of Columbia, for Petitioner.

John S. Nichols, of Bluestein Thompson Sullivan, LLC,
of Columbia; and Jeffery Logan Cannon, of Shaw and
Cannon, LLC, of Rock Hill; both for Respondent.

Alfred Johnston Cox, of Gallivan White Boyd, P.A., of
Columbia, for Amicus Curiae The American Property
and Casualty Insurance Association.

---

**JUSTICE JAMES:**  In this case, we address the meaning of "expenses incurred" in the Medpay provision of Alexis Jones's Progressive Northern Insurance Company Auto Insurance Policy.  As did the circuit court, the court of appeals interpreted the provision to require Progressive to pay Jones the full $10,000 limits of her Medpay coverage.  *See Jones v. Progressive N. Ins. Co.*, No. 2025-UP-074, 2025 WL 1167827 (S.C. Ct. App. Apr. 16, 2025).  We reverse.

## I.

Jones received medical treatment from several medical providers after she was injured in an automobile accident while riding in a vehicle insured by Progressive.  The charges for her treatment totaled $27,786.17.  However, Jones was a recipient of South Carolina Medicaid, which had agreements with her medical providers that the medical providers would accept reduced rates as payment in full for services rendered to Medicaid patients.[1]  Medicaid paid a total of $1,323.60 to Jones's providers, which completely satisfied Jones's payment obligation to her medical providers.

The Progressive policy includes a $10,000 Medpay coverage limit with the following provision:

> If you pay the premium for this coverage, we will pay the reasonable *expenses incurred* for necessary medical services received within three years from the date of a motor vehicle accident because of bodily injury:
>
> 1.  sustained by an insured person; and
> 2.  caused by that motor vehicle accident.

(emphasis added).  Jones demanded that Progressive pay the full $10,000 in Medpay coverage.  Progressive paid Jones only the $1,323.60 that Medicaid paid to the providers to satisfy the medical bills.  Jones sued Progressive for breach of contract, seeking $8,676.40 (the balance of her Medpay coverage).[2]  Progressive argued it

---

[1]    *See    Participation    and    Payment    Agreement*,    SCDHHS, https://www.scdhhs.gov/sites/dhhs/files/documents/Owner%20%20Manager%20L iability%20Policy%20Langauge%20BS%20Edit%20%2803221839xD2C78%29% 281%29%20%28003%29%20Final%202.pdf (last visited Apr. 16, 2026).

[2]  Jones also sued, *inter alia*, for (1) bad faith, (2) breach of contract accompanied by a fraudulent act, and (3) violation of section 38-77-144 of the South Carolina

was liable to Jones for only the $1,323.60 in medical expenses she "actually incurred" because "any other amounts initially billed by Jones's medical providers were reduced" to $1,323.60.  The circuit court denied Progressive's motion to dismiss the breach of contract claim, and after a bench trial, it found in favor of Jones on that cause of action.  The circuit court ruled the term "incurred" is ambiguous, thus requiring it to adopt the interpretation of the term most favorable to the insured.  The circuit court found that "a patient is responsible for any charges incurred regardless of whether insurance or some other party ultimately pays it or negotiated for a reduced rate."  The circuit court found "Plaintiff 'incurred' the full amount charged <u>at the time services were rendered</u> and thus became entitled to the full amount of reimbursement coverage under the policy."

Progressive appealed the circuit court's order on Jones's breach of contract claim, Jones appealed the circuit court's dismissal of three of her remaining claims, and the court of appeals affirmed the circuit court in an unpublished opinion.  *Jones*, 2025 WL 1167827, at *1.  We granted Progressive's petition for a writ of certiorari.

## II.

"In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law."  *Temple v. Tec-Fab, Inc*., 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009).  "This Court will not disturb the trial court's factual findings unless they are without evidence reasonably supporting those findings."  *S.C. Dep't of Transp. v. Horry Cnty.*, 391 S.C. 76, 81, 705 S.E.2d 21, 24 (2011) (citing *Temple*, 381 S.C. at 599-600, 675 S.E.2d at 415).  Whether a phrase used in a contract is ambiguous is a question of law, which we review de novo.  *Callawassie Island Members Club, Inc. v. Dennis*, 425 S.C. 193, 198, 821 S.E.2d 667, 669 (2018).

"An insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law."  *Auto Owners Ins. Co. v. Rollison*, 378 S.C. 600, 606, 663 S.E.2d 484, 487 (2008) (citing *Estate of Revis v. Revis*, 326 S.C. 470, 477, 484 S.E.2d 112, 116 (Ct. App. 1997)).  "This Court must enforce, not write, contracts of insurance, and must give policy language its plain, ordinary, and popular meaning."  *State Farm Mut. Auto. Ins. Co. v. Windham*, 438 S.C. 156, 161, 882 S.E.2d 754, 756-57 (2022) (quoting *Fritz-Pontiac-Cadillac-Buick v. Goforth*, 312 S.C. 315, 318, 440 S.E.2d 367, 369 (1994)) (citation modified).  "It is a well settled rule that the terms of an insurance

Code (2015).  The circuit court dismissed those claims, the court of appeals affirmed, and we denied Jones's petition for a writ of certiorari.

policy must be construed most liberally in favor of the insured and where the words of a policy are ambiguous, or where they are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured." *Gordon v. Fidelity & Cas. Co. of N.Y.*, 238 S.C. 438, 444, 120 S.E.2d 509, 512 (1961) (citing *Pitts v. Glens Falls Indem. Co.*, 222 S.C. 133, 137, 72 S.E.2d 174, 176 (1952)). "When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used." *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 334 S.C. 529, 535, 514 S.E.2d 327, 330 (1999) (citing *C.A.N. Enters., Inc. v. S.C. Health & Hum. Servs. Fin. Comm'n*, 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988)). There is no uncertainty or ambiguity in an insurance policy in which the insurer agrees "to pay all reasonable expenses incurred" for necessary medical services. *See Gordon*, 238 S.C. at 444, 120 S.E.2d at 512.

## III.

Progressive argues Jones incurred expenses only in the amount Medicaid paid to satisfy Jones's payment obligation in full ($1,323.60). We agree with Progressive and hold the meaning of "expenses incurred" in the Progressive policy is unambiguous. An amount for which there is no obligation to pay is not an "expense incurred." *See id.* at 445-46, 120 S.E.2d at 512-13.

The dispute in this case arises in part from the application of *Gordon*. In *Gordon*, we held a soldier in the United States Army who received free medical care at a military hospital had not "incurred" any expense for the treatment and, therefore, was not entitled to the reasonable cost of his hospitalization under the medical coverage provisions of his motor vehicle liability insurance policy. *Id.* at 446, 120 S.E.2d at 513. The court of appeals held our reasoning in *Gordon* does not apply in this case, noting Gordon received free medical care from a military hospital and was not billed for the services he received. *Jones*, 2025 WL 1167827, at *1. Progressive contends the court of appeals erred in distinguishing *Gordon*, arguing the "free-to-him medical care" (paid by the Veterans' Administration) Gordon received is no different from the "free-to-her medical care" (paid by the Medicaid program) Jones received. We agree with Progressive and hold *Gordon* controls in this case.

The insurance policy in *Gordon* provided the insurer would "pay all *reasonable expenses incurred* within one year from the date of accident for necessary medical . . . services." *Gordon*, 238 S.C. at 441, 120 S.E.2d at 510 (emphasis added). Gordon received treatment in the government hospital at Fort Jackson for twelve days after he was hit by a car while riding his insured motor scooter. *Id.* Although Gordon was not charged anything for treatment, he demanded the insurer pay him $383.50, which he deemed the reasonable cost of his

hospitalization based on the appraisal of two Columbia physicians and the prevailing rates of the Columbia Hospital. *Id.* We held there was "no uncertainty or ambiguity in the language of the policy" and relied on a Louisiana court of appeals decision to determine the meaning of "expense incurred." *Id.* at 444, 120 S.E.2d at 512; *see Drearr v. Connecticut Gen. Life Ins. Co.*, 119 So.2d 149, 151 (La. Ct. App. 1960). The *Drearr* court cited dictionary definitions of the term "incur" that emphasize the idea of liability and held "a thing for which there exists no obligation to pay, either express or implied, cannot in law be claimed to constitute an 'expense incurred.'" *Drearr*, 119 So.2d at 151. We adopted the *Drearr* court's reasoning and held Gordon incurred no expense within the meaning of the policy because he had no obligation to pay for the hospitalization at Fort Jackson. *Gordon*, 238 S.C. at 445-46, 120 S.E.2d at 512-13. Therefore, we held the insurer was not liable to Gordon for the reasonable cost of his hospitalization. *Id.*

In *Barker*, the U.S. District Court applied *Gordon* to a factual scenario similar to this case and held an insurer was not required to pay the insured, a Medicare recipient, any more than the amount the hospital had agreed to accept as full payment under Medicare. *Barker v. Wash. Nat. Ins. Co.*, No. 9:12-CV-1901-PMD, 2013 WL 1767620, at *6 (D.S.C. Apr. 24, 2013). The court cited the Medicare Participating Physician or Supplier Agreement, which provided "the provider must accept the Medicare approved charge as the full charge for the covered service and 'shall not collect from the beneficiary . . . more than the applicable deductible and coinsurance.'" *Id.* at *5. Based on this agreement, the court noted "it is essentially impossible that [the insured] would ever face liability for a provider's hypothetical full fee." *Id.* at *6 (quoting *Metz v. U.S. Life Ins. Co.*, No. 09 Civ. 10250(BSJ), 2010 WL 3703810, at *3 (S.D.N.Y. Sept. 21, 2010)). The District Court relied on the *Gordon* definition of "expense incurred" as "a thing for which there exists [an] obligation to pay" in holding the insured did not incur any expense beyond the adjusted charges, because the insured was never obligated to pay more than the post-Medicare-adjusted charges. *Id.* at *5.

The Virginia Supreme Court encountered a similar issue in *Bowers*. *See State Farm Mut. Auto. Ins. Co. v. Bowers*, 255 Va. 581, 500 S.E.2d 212 (1998). There, the plaintiff was insured under a State Farm automobile insurance policy and a Blue Cross/Blue Shield health insurance plan. *Id.* at 583, 500 S.E.2d at 212-13. Like Jones's insurance policy, the State Farm policy stated it would pay "all reasonable and necessary expenses for medical . . . services . . . incurred within three years . . . ." *Id.* at 583, 500 S.E.2d at 212. The plaintiff's health care providers signed contracts with Blue Cross in which the providers agreed to collect only the amount established by fee schedule for services rendered to patients with Blue Cross. *Id.* at 583, 500

S.E.2d at 213.  After receiving medical services from the in-network health care providers, the plaintiff sought reimbursement from State Farm for the full amount of the services, rather than the amounts the providers accepted as payment in full for their services pursuant to the Blue Cross fee schedule.  *Id.* at 584, 500 S.E.2d at 213.  The Court held:

> [T]he medical expenses [Plaintiff] "incurred" were the amounts that the health-care providers accepted as full payment for their services rendered to him.  [Plaintiff] has not paid nor is he "legally obligated to pay" the amounts written off by the providers.  To decide otherwise would be to grant [Plaintiff] a windfall because he would be receiving an amount greater than that which he would ever be legally obligated to pay.

*Id.* at 585-86, 500 S.E.2d at 214 (citation modified).

Here, Jones incurred no expense higher than the sum Medicaid paid, because she had no obligation to pay for the treatment she received.  The itemized lists Jones received from the medical providers reflecting the full cost of her care do not distinguish this case from *Gordon*—the lists merely reflected the unadjusted cost of Jones's care, not a payment obligation.  The unadjusted cost is inconsequential; neither Jones nor Medicaid paid the full amount, and Jones has not incurred and will not incur expenses in excess of the amount Medicaid paid.  Progressive is not required to pay Jones any more than the amount her medical providers agreed to accept as payment in full from Medicaid.

Courts must give insurance policy language its plain, ordinary, and popular meaning.  *Windham*, 438 S.C. at 161, 882 S.E.2d at 756-57 (citation modified).  "Incur" is defined as "to become liable or subject to."  *Incur*, *Black's Law Dictionary* (6th ed. 1990); *Incur*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/incur (last visited Apr. 16, 2026).  The court of appeals applied the Black's Law Dictionary definition and held Jones became liable for or subject to the costs of care once she was treated.  *Jones*, 2025 WL 1167827, at *1.[3]  This was error, as even at the time of treatment, Jones was not liable for the full cost

---

[3] The current edition of Black's Law Dictionary defines "incur" as "[t]o suffer or bring on oneself (a liability or expense)."  *Incur*, *Black's Law Dictionary* (12th ed. 2024).  Importantly, the comment to the definition states, "[t]ypically, in insurance contexts, courts hold that one incurs an expense only when there is a legal obligation to pay it."  *Id.*

of care she received.  Therefore, Progressive is obligated to reimburse Jones only the $1,323.60 Medicaid paid to fully satisfy the charges.

South Carolina Code section 38-77-144, which provides that personal injury protection, medical payment coverage, or economic loss coverage shall not be assigned or subrogated and is not subject to a setoff, does not apply in this case. Progressive is not asking for setoff and does not contest its obligation to pay Jones the $1,323.60 Medicaid paid to her medical providers.

The meaning of "expenses incurred" in the Progressive policy is unambiguous.  Jones has never had, and will never have, an obligation to pay more than $1,323.60.  We therefore reverse the court of appeals on this issue and remand for entry of judgment in favor of Progressive.

**REVERSED.**

**KITTREDGE, C.J., FEW, HILL and VERDIN, JJ., concur.**